1  JEFFREY G. SHELDON (SBN 67516)
   jsheldon@leechtishman.com
2  KATHERINE M. BOND (SBN 263020)
3  kbond@leechtishman.com
4  **LEECH TISHMAN FUSCALDO & LAMPL**
   100 East Corson Street, Third Floor
5  Pasadena, California  91103-3842
6  Telephone: (626) 796-4000
7  Facsimile: (626) 795-6321

8  Attorneys for Plaintiff
   Halo Couture, LLC

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 | HALO COUTURE, LLC, a California | Case No.
14 | limited liability company, |
   |         Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTION FOR:**
15 |         v. |
16 | | **1. TRADEMARK INFRINGEMENT;**
17 | HALO HAIR, LLC, an Arizona limited liability company d/b/a Halo Crown LLC, JESSICA "BONNIE" KERNER, an individual, and DOES 1-10, inclusive, | **2. FALSE DESIGNATION OF ORIGIN;**
18 | | **3. COMMON LAW TRADEMARK INFRINGEMENT;**
19 |         Defendants. | **4. COPYRIGHT INFRINGEMENT;**
   | | **5. STATUTORY UNFAIR COMPETITION; AND**
20 | | **6. COMMON LAW UNFAIR COMPETITION**
21 | |
22 | | **REQUEST FOR JURY TRIAL**

**COMPLAINT**

Plaintiff Halo Couture, LLC, by its attorneys, Leech Tishman Fuscaldo & Lampl, alleges as follows:

## JURISDICTION AND VENUE

1. The court has original jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 2201 in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*, asserts a claim for unfair competition that is joined with substantial and related claims under the copyright and trademark laws and seeks a declaration of rights. This court has supplemental jurisdiction over Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2. This court has personal jurisdiction over Defendant Kerner based upon her residency in California. It has jurisdiction over Defendant Halo Crown based upon its systematic and continuous business conduct in this District.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred here.

## THE PARTIES

4. Plaintiff Halo Couture, LLC ("Halo Couture" or "Plaintiff") is a California limited liability company, with a principal place of business at 26820 Hobie Circle, Murietta, California 92562.

5. Defendant Halo Hair, LLC doing business as Halo Crown ("Halo Hair" or "Halo Crown") is, on information and belief, an Arizona limited liability company with a place of business at 6362 N. Calle Campeche, Tucson, Arizona, 85750..

6. Defendant Jessica Kerner ("Kerner") is a hair sylist who does business under the name "Bonnie B". Kerner is a former employee of Halo Couture. On

information and belief,Kerner is a California resident whose address is it not known at this time.

7. On information and belief, Kerner is employed or otherwise affiliated with Halo Crown and acted on behalf of and/or in concert with Halo Crown in the acts complained of herein.

8. The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.  Halo Crown, Kerner, and DOES 1 through 10, are hereinafter collectively referred to as "Defendants."Plaintiff is informed and believes, and on that basis alleges, that each of Halo Crown, Kerner, and DOES 1- 10, has acted in concert and participation with each other concerning the claims in this Complaint.

9. Plaintiff is informed and believes, and on that basis alleges, that each of Halo Crown, Kerner, and DOES 1-10, was empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## BACKGROUND

### Halo Couture, LLC

10. Halo Couture is a family owned business that is engaged in among other things, the production, sale and distribution of hair extenders.  It has been in business since 2009, and over the years has enjoyed tremendous success.

11. Since its inception Halo Couture has used the term "HALO" to identify its hair extenders and to distinguish them from the hair extenders of others. In 2010, Halo Couture began offering its products under the mark "HALO COUTURE" (the "Halo Couture Mark"). Plaintiff has used the Halo Couture Mak in connection with such goods continuously from the time it adopted it until the present and it has obtained significant common law rights that mark.

12. Halo Couture derives a business advantage over its competition by virtue of spending significant time and resources advertising, promoting, and selling hair extenders under the brand HALO COUTURE.

13. Presently, HALO COUTURE brand hair extenders are offered in over 1,500 salons in the United States and it has a strong social media presence with over 80,000 Facebook "likes."

14. At all times relevant to the acts complained of herein, Halo Couture has used the Halo Couture Mark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its internet website and on advertising materials promoting its goods.

15. The presence of the Halo Couture Mark on Halo Couture's goods, on its website and on advertising for Halo Couture's goods indicates to the public that goods and services provided under the Halo Couture Mark originate with, or are provided by, Halo Couture. As a consequence of all of the foregoing, the Halo Couture Mark has attained considerable value and the goodwill associated with it represents a valuable business asset.

16. Halo Couture further derives a business advantage over its competition by virtue of its marketing and advertising efforts which it has developed through the expenditure of substantial time and money. These

marketing efforts allow Halo Couture to expand its market reach offering customers attractive, high quality products.

17. Halo Couture's advertising and promotional materials developed specifically for its customers include, but are not limited to, publications, printed materials, attendance at trade shows, and social media advertising campaigns featuring before and after images of customers, "how to" videos, and styling suggestions. Halo Couture's marketing efforts further include valuable business information in the form of customer support strategies, and sales and marketing strategies.

## Halo Hair, LLC

18. Halo Couture is informed and believes, and based thereon it alleges that on or about December 2013, the Defendants began offering to provide, and are providing, in the United States and in this judicial district, goods that directly compete with Halo Couture's goods, specifically, hair extenders.

19. Halo Couture is informed and believes, and based thereon it alleges and that the Defendants are using words and symbols in connection with those goods a mark that is confusingly similar to the Halo Couture Mark, namely the words "Halo Crown" and a graphic design that includes the words "Halo Crown" in stylized format for which Defendants applied to register as a trademark, U.S. Trademark Application Serial No. 86316206 (the "Halo Crown Mark"). A true and correct copy of screenshots taken from the Defendants' internet website showing the Halo Crown Mark is attached as Exhibit "A".

20. Halo Crown's use of the Halo Crown Mark is causing actual confusion, mistake and deception in the marketplace as to whether there is an affiliation, connection or association between Halo Couture and Halo Crown and as to whether Halo Crown's goods originate with, or are sponsored or approved by, Halo Couture. Among other things, consumers believe the companies are

somehow affiliated and have attempted to return Halo Crown products to Halo Couture.

21. On or about June 23, 2014, Halo Couture notified Halo Hair in writing that use of any mark incorporating the term "HALO" infringed Halo Couture's trademark rights.

22. In addition to using a name and a mark that are confusingly similar to the Halo Couture Mark, Halo Couture is informed and believes, and based thereon it alleges, that Halo Crown has used information that belongs to Halo Couture to compete unfairly in the marketplace. Such information includes, but is not limited to, videos and images featuring Halo Couture products.

### Defendant Jessica "Bonnie" Kerner

23. Halo Couture employed Defendant Kerner from June 23, 2012 until March 12, 2014. During this time, Defendant Kerner worked as a manager promoting the company's products through the use of social media, trade shows and company kiosks. While working at the kiosks, Defendant Kerner frequently took before and after photographs of satisfied customers. Taking the pictures of customers, creating a "buzz" about Halo Couture's hair extenders and how to use them was within the scope of Defendant Kerner's employment.

24. Halo Couture is informed and believes, and based thereon it alleges that in July of 2014, Defendant Kerner began working for Halo Crown after her employment ended at Halo Couture.

25. Shortly thereafter, images and videos that had been previously displayed to promote Halo Couture products were posted on the Halo Crown website and social media pages. Attached hereto as Exhibit "B" is a before and after image featuring Defendant Kerner wearing Halo Couture hair extenders, "sixteen inch hair extension and sixteen inch top piece hair extension." This

image was posted on Halo Couture's website in February of 2014 while Defendant Kerner was employed at Halo Couture.

26. Presently, this exact image is featured on the Halo Crown website misleading customers by insinuating the image shows Halo Crown hair extenders. Attached as Exhibit "C" is a true and correct screenshot of the image located on Halo Crown's internet website.

27. On information and belief, Exhibit "D" is a video that was posted by Defendant Kerner on February 7, 2014 while she was employed with Halo Couture. The video features Defendant Kerner teaching customers and potential customer how to wear Halo Couture hair extenders. Even though this video features Halo Couture hair extenders it is presently featured on Halo Crown's video page.

28. Because this video was made within the scope of Defendant Kerner's employment to further Halo Couture's business objectives, it is a work made for hire for which Halo Couture owns the copyright. Attached hereto as Exhibit "E" is a true and correct copy of the copyright application from the U.S. Copyright Office.

29. On or about August, 13, 2014, the Defendants were put on notice of their unlawful activity by letter however instead of ceasing this behavior the conduct continued.

30. Halo Couture was left with no other option but to file a complaint for trademark infringement, copyright infringement and unfair competition, among other claims.

31. Defendants' actions complained of herein were committed fraudulent, oppressively and maliciously.

///

///

# FIRST CLAIM FOR RELIEF

## (Against Defendant Halo Hair, LLC for Trademark Infringement, 15 U.S.C. § 1125(a))

32. Halo Couture incorporates, repeats and realleges paragraphs 1 through 31 above, as if set forth fully herein.

33. The Halo Couture Mark is owned by Halo Couture and Halo Couture has continuously used it in commerce for many years. Halo Couture has never authorized or consented to the Defendant's use of the Halo Couture Mark or of any similar words or names in connection with their products or services.

34. Defendant's actions, as alleged above, have already caused and are likely to continue to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with Halo Couture, or as to the origin, sponsorship or approval of Defendant's products or services by Halo Couture in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Halo Couture is informed and it believes and, based thereon it alleges that the Defendant's acts have been undertaken with full knowledge of Halo Couture's rights in and to the Halo Couture Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the mark.

36. By reason of Defendant's acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendant has realized profits and sales it would not have made but for Defendant's conduct.

37. Defendant's acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the Halo Couture Mark, these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF

### (Against Defendant Halo Hair, LLC for False Designation Of Origin, 15 U.S.C. § 1125(a))

38. Halo Couture incorporates, repeats and realleges paragraphs 1 through 31 above, as if set forth fully herein.

39. The Halo Couture Mark is owned by Halo Couture and Halo Couture has continuously used it in commerce for many years.  Halo Couture has never authorized or consented to the Defendant's use of the Halo Couture Mark or of any similar words or names in connection with their products or services.

40. Halo Couture has never authorized or consented to the Defendants' use of Halo Couture products, or images or videos featuring its products for the promotion, marketing, distribution, sale and offereing for sale of Defendant's goods.

41. Defendant's use of Halo Couture's images and its promotion, marketing, distribution, sale, and offering for sale of its infringing mark constitutes false designation of origin or sponsorship of Defendant's infringing goods and has already caused confusion and will continue to deceive consumers and members of the public as to the origin of the goods or to cause said persons to believe that the goods have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated with Plaintiff in violation of 15 U.S.C. § 1125(a).

42. Halo Couture is informed and it believes and, based thereon it alleges that the Defendant's acts have been undertaken with full knowledge of Halo Couture's rights in and to the Halo Couture Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the mark.

43. By reason of Defendant's acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendant has realized profits and sales it would not have made but for Defendant's conduct.

44. Defendant's acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the Halo Couture Mark, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

### (Against Defendant Halo Hair, LLC for Common Law Trademark Infringement)

45. Halo Couture repeats and re-alleges paragraphs 1 through 31, as though fully set forth in this paragraph.

46. By reason of Defendant's acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendant has realized profits and sales it would not have made but for Defendant's conduct.

47. The above-described acts of Defendant constitutes common law trademark and trade name infringement. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendant Halo Crown is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

48. On information and belief, the foregoing acts of the Defendant are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve its own.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants, LLC for Copyright Infringement

### 17 U.S.C. §§ 101, *et seq.*)

49. Halo Couture hereby repeats, realleges, and incorporates by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

50. Halo Couture is informed and believes, and thereupon alleges, that Defendants have infringed Halo Couture's copyrights in its tutorial video by reproducing and publishing its copyrighted works, by making derivative works based on the same, and by publicly displaying the copyrighted work without authorization from Halo Couture.

51. Halo Couture is also informed and believes, and thereupon alleges, that the infringing acts of Defendants were performed with knowledge that the works are copyrighted material, in willful violation 17 U.S.C. §§ 101, *et seq*.

52. The aforementioned acts have injured Halo Couture and have damaged Halo Couture in an amount to be determined at trial.

53. By their actions, Defendants has caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants for Unfair Competition,

### Cal. Bus. & Prof. Code § 17200)

54. Halo Couture repeats and re-alleges paragraphs 1 through 31, 33 through 37, 39 through 44, 46 through 48 and 50 through 53 as though fully set forth in this paragraph.

55. The above-described acts of Defendants constitute unfair competition

within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants for Common Law Unfair Competition)

56. Halo Couture repeats and re-alleges paragraphs 1 through 31, 33 through 37, 39 through 44, 46 through 48 and 50 through 53 as though fully set forth in this paragraph.1 through 34, as though fully set forth in this paragraph.

57. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

58. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off its goods and services as those of Halo Couture. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

59. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve their own.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

    a. Using any brand or designation that makes use of the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

    b. Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

    c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Halo Couture mark;

2. For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3. For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or conspiracy with them from making use of the HALO name or any other term that contains the term HALO or any phonetic equivalent of that mark in connection with the sale of hair and beauty products;

4. For an order pursuant to 17 U.S.C. §101 permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or

conspiracy with them from making use of Halo Couture images, videos, or photographs that were created on behalf of or alternatively feature Halo Couture products;

5. For an order cancelling Halo Crown's '206 Application, and directing the Director of the United States Patent and Trademark Office to remove such application from the Register;

6. For a monetary award in favor of Halo Couture in an amount equal to (i) Halo Couture's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

7. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

8. For a finding that the Defendants' acts of infringement were willful within the meaning of 15 U.S.C. § 1117(c)(2);

9. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

10. For a finding that the Defendants' acts were undertaken intentionally, maliciously and/or with a reckless and wanton disregard of Plaintiff's rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

11. For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

12. For exemplary and punitive damages; and

13. For such other and further relief as the Court deems just and proper.

///
///

| | |
|---|---|
| Dated:  September 11, 2014 | LEECH TISHMAN FUSCALDO & LAMPL |
| | By:   /s/ Katherine M. Bond |
| | Katherine M. Bond |
| | *Attorneys for Plaintiff* |
| | HALO COUTURE, LLC |

-14-
**COMPLAINT**

|    |                                                                                                 |
|----|-------------------------------------------------------------------------------------------------|
| 1  | **REQUEST FOR JURY TRIAL**                                                                      |
| 2  | Plaintiff requests trial by jury on all issues so triable.                                      |
| 3  |                                                                                                 |
| 4  | Dated:  September 11, 2014         LEECH TISHMAN FUSCALDO & LAMPL                               |
| 5  |                                                                                                 |
| 6  | By:    /s/ Katherine M. Bond                                                                    |
|    |             Katherine M. Bond                                                                   |
| 7  | *Attorneys for Plaintiff*                                                                       |
| 8  | HALO COUTURE, LLC                                                                               |

-15-
**COMPLAINT**